THIS was an action on a bill drawn by Currey Davis, on A. J. Warrington, for $71 83, accepted by them and taken up by the drawers; and on a promissory note of Alexander and John Warrington, *Page 148 
who were partners in business, to Currey Davis, for $200. The bill and note were drawn by the Warringtons, in the course of, their business.
Mr. Layton objected, that as this suit was against the executrix of a deceased partner, for a partnership transaction, the other partner still living, it could not be maintained. The bill and note do not raise a promise by one party to pay the partnership debt, until resort has been had to the surviving partner, unless the firm is shown to be insolvent; when resort may be had to the several partner in equity. [Law Lib.
294-5; Cary on Partners. 118.]
Mr. Houston did not controvert this position as at common law, but raised the question whether it is not varied by our act of assembly: whether the legislature has not thought proper to avoid the circuitous and expensive remedy in chancery, and give a remedy at law against the executors of the deceased partner. The act of assembly, [Dig. 224, section 11,] makes every obligation or contract made by several persons joint and several, unless it is otherwise expressly stipulated. It was, therefore, in the option of the plaintiffs in this case, to treat this note and accepted bill (for an accepted bill is a note,) as a several obligation; if this provision extends to partners, which is submitted, it does. There is nothing at least in the act to show that it does not.
Mr. Layton replied that the act did not apply to partners; nor could the executor of a deceased joint obligor be joined with the survivor.
The Court charged the jury that the act of assembly does not extend to partnership obligations, which are joint and not several and survive to and against the survivor; and directed a verdict for the defendant.
 Verdict for defendant.